UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MON RIVER TOWING, INC. | CIVIL ACTION |
| VERSUS | NO. 06-3323 |
| ALAN D. ALARIO & ASSOCIATES, L.L.C. and ALAN D. ALARIO, INC. | SECTION "K"(5) |

## ***ORDER AND OPINION***

Before the Court is a motion for partial summary judgment filed on behalf of plaintiff Mon River Towing, Inc. (Doc. 7). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned below, grants the motion in part and denies it in part.

BACKGROUND

Mon River Towing, Inc. ("Mon River") owns the barge MRT 58. Mon River entered into a bareboat charter of the MRT 58 with Alan D. Alario, Inc. on July 24, 2004. The charter was "for a minimum of one (1) year," at a day rate of $300.00. (Doc. 7-3, Attachment 1). Charter payments were current until July 2005, when the payments ceased.

The charter provided that the barge would be returned to Mon River "in as good order and condition as when received, excepting ordinary wear and tear," and that at the beginning of the charter and upon the return of the barge to the owner, a joint drydock survey and inventory would be conducted by an independent surveyor. The charter also provided that "[t]he obligations of the Charterer shall be fixed and determined upon the basis of the surveys and inventories taken at the time of the delivery and redelivery of the vessel." (Doc. 7-3, Attachment 1).

The joint survey of the vessel conducted upon the return of the vessel indicated that a number of repairs for damages not constituting normal wear and tear were required. Mon River had the

indicated repairs made to the barge.

Mon River filed suit against Alan D. Alario & Associates, L.L.C. and Alan D. Alario, Inc. (collectively "Alario") alleging breach of a maritime contract and seeking payment of $55,200.00 in delinquent hire from August 2005 until December 31, 2005 as well as repair expenses totaling $43,475.00  Additionally Mon River seeks attorneys fees under both Louisiana's open account statute (La. Rev. Stat. 9:2781) and the charter agreement.

Plaintiff filed a motion for partial summary judgment seeking to recover $27,600.00 in charter hire through September 2005 and $24,793.00 in repairs which it contends Alario has conceded it owes.  Additionally, Mon River seeks partial summary judgment on its claim for attorneys fees.

## LAW & ANALYSIS

### a) Summary Judgment Standard

The Federal Rules of Civil Procedure provide that summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655-56 (5th Cir.1996) (*citing Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 912-13 (5th Cir.1992) *(quoting Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)), cert. denied, 506 U.S. 832 (1992)). When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some

metaphysical doubt as to the material facts. The nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U .S. 574, 587 (1986) (emphasis supplied); *Tubacex, Inc. v. M/V RISAN*, 45 F.3d 951, 954 (5th Cir.1995).

Thus, where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial." *Matsushita Elec. Indus. Co.*, 475 U.S. at 588. Finally, the Court notes that substantive law determines the materiality of facts and only "facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

b) Charter Hire

Alario concedes that it owes $27,600.00 for charter hire through September 2005. As to that portion of plaintiff's claim there is no genuine issue of material fact.  Therefore, plaintiff's motion is granted to the extent that it seeks an order that it is entitled to $27,600.00 in outstanding charter hire through September 2005.

c) Barge Repairs

In responding to interrogatories propounded to Alario by Mon River, counsel for Alario attached a  cover letter stating  that "on attached pages 3-6 from the independent Marine Survey, . . . Mr. Alario has indicated which repair items he is responsible for, which ones [marked 'owner'] that he contests, and which ones he will agree to split with owners." (Doc. 7-3, Attachment 5).  On pages 3 - 6 of the marine survey (Doc. 7-3, Attachment 2), Alario indicated is responsibility for the following repairs totaling $6,350.00:

| | | |
|---|---|---|
| 2. | Complete welding on Number 3 Starboard Void | $   500.00 |
| 3. | Port Bow Timberhead | $ 1,600.00 |

|  |  |
|---|---|
| 4.  Flame Screens | $    150.00 |
| 5.  Free Grease Dogs | $    200.00 |
| 9.  Air Test Repairs | $    400.00 |
| 12. Blast and Coat Cargo Tanks | $ 3,000.00 |
| 28. Renew One (1) Cargo Valve Number Two Suction | $    500.00 |

Additionally, Alario indicated on page 4 of the marine survey that it was willing to "split" the $1,200.00 cost for the dry dock and the $350.00 cost of the Gas Free Certificate. **It is significant that as to both the dry dock and Gas Free Certificate costs, the surveyor noted "Required for off-charter survey; Item should be split per Charter Party; Document not examined." Alario's "ok" notation next to the surveyor's designation of "Split?" for each of those costs is an affirmative acceptance of that contractual liability.** Alario's half of the "split" costs is $775.00. Because Alario has conceded that it owes $7,125.00 for the barge repairs enumerated herein above, plaintiff's motion is granted to the extent that it seeks damages of $7,125.00 for undisputed barge repair bills. As to the remainder of the barge repair charges, genuine issues of material fact preclude the granting of plaintiff's motion for summary judgment.

4) Attorney's Fees

Additionally, plaintiff seeks attorneys fees under both Louisiana's open account statute and the charter party agreement . The Louisiana open account statute provides that:

> When any person fails to pay an open account within thirty days after the claimant sends written demand therefor correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant.

La. Rev. Stat. 9:2871 A.

The complaint alleges that Mon River is entitled to $100,875.94, including $55,200.00 for the use and hire of the barge and $45,675.94 for repairs to the barge. After filing the complaint,

counsel for Mon River wrote to counsel for Alario demanding $52,393.00, plus accrued interest, as the undisputed amount owed.  "[A] claimant can fail under §9:2781 if his underlying claim is only partially meritorious." *Hayne v. B.J. Hardy*, 802 F.2d 826, 830 (5th Cir. 1986).

> The Louisiana Supreme Court has interpreted the "correct amount" requirement with great stringency, holding that a claimant cannot recover fees under §9:2781 unless the court decides that he is entitled to the full amount requested in the written demand sent at least 30 days before trial.  If a claimant's bill is adjusted by the court to any degree whatsoever, the claimant is held to have failed to meet the statutory requirement of giving notice as to the correct owed.

*Id.*        Because there has been no determination that Mon River is entitled to the full amount sought in its written demands, its request for attorneys fees pursuant to §2871 is premature.

Mon River also seeks attorneys fees pursuant to the charter party which provides that "should either party seek legal recourse to have the other party comply with /or fulfill its legal obligations under this Agreement or Charter, the successful party shall be entitled to recover all reasonable attorney fees and costs incurred in connection therewith."  Alario urges that Mon River is not entitled to attorneys fees under the contract because it is seeking to recover more than Alario actually owes.

The charter party does not include the restrictive "correct" language found in the Louisiana open account law.  Rather, the contract simply states that a party that is successful in obtaining legal recourse to require the other party to fulfill its "legal obligations" under the agreement shall be entitled to attorneys fees.  By prevailing in part on this motion for partial summary judgment, Mon River has been "successful" in its attempt to obtain legal recourse to have Alario comply with its legal obligations.  Therefore, plaintiff is entitled to reasonable attorneys fees incurred in connection with seeking "legal recourse to have [Alario] comply with/or fulfill its legal obligations" under the

5

charter party.

New Orleans, Louisiana, this 12th day of July, 2007.

                                            STANWOOD R. DUVAL, JR.
                                        UNITED STATES DISTRICT JUDGE